JOHNSON *v.* STATE.

Opinion delivered January 29, 1912.

EMBEZZLEMENT—BREACH OF AGREEMENT.—Where defendant was employed
to procure a loan for the prosecuting witness, and was paid a fee of ten
dollars, which he agreed to refund in case he failed to procure the loan
upon default in procuring the loan his failure to refund the fee would
constitute a breach of contract merely, and not an act of embezzlement.

Appeal from Pulaski Circuit Court; *F. Guy Fulk*, Judge;
reversed.

### STATEMENT BY THE COURT.

An information was filed by the prosecuting attorney in
a justice's court in Pulaski County, charging appellant with
the embezzlement of ten dollars from Jennie Houston. He
was tried and convicted, and from the judgment appealed to
the circuit court, where he was again tried and convicted, and
his punishment assessed at ten dollars and one day in jail.

The testimony shows that Jennie Houston, the prosecut-
ing witness, first employed one C. M. Farrington to obtain a
loan of five hundred dollars for her on some real estate located
in the town of Roland. She paid him twenty dollars for his
services; then he went to Hot Springs, and when she called at
his office, she found appellant, who had an office with him, but
was not a partner, in the office. That she employed him to
procure the loan for her, gave him a ten dollar fee therefor, and
agreed to pay him a commission of one-half of two per cent. of
the amount of the loan secured for her in addition. He refused
to accept the employment, except upon a written contract,
and they repaired to an attorney's office, and had the following
contract—description of land omitted—drawn up, which was
duly executed by them:

"That, for and in consideration of the sum of ten ($10)
dollars to me in hand paid by Jennie Houston, of Little Rock,
Arkansas, party of the first part, receipt of which is hereby
acknowledged; the party of the second part contract and agree
to use our best efforts to secure a loan of four hundred and
thirty ($430) for the party of the first part on the following
described land, towit: * * * (description is here omitted)

"That the party of the second part be allowed a reason-
able time to secure said loan and in addition to the $10 paid

in advance, if such loan is secured in a reasonable time, the party of the first part agrees to pay them a commission of one-half of two per. cent. on the amount borrowed on the land as above described.

"The party of the second part do not contract to insure that they can secure this loan, but agree, promise and contract that they will use their best efforts with their friends and people who have money to loan, and try to secure the loan for the party of the first part within a reasonable time, without any further expense to the party of the first part, except the $10 cash, which has already been paid and the further sum of one-half of two per cent."

She testified that it was her understanding that appellant was to give her back the ten dollars in case he did not procure the loan, and that after the contract was executed "he told me outside of Mr. Kerby's office that he would give me the money back if he didn't procure the loan. My attorney, Green, tried to collect the $10 and advised this prosecution."

J. P. Kerby, the attorney, testified that the parties came to his office, and he drew up the contract for them to sign, and the prosecuting witness had a twenty-dollar bill. That after the contract was executed she and appellant went out to get the bill changed, and appellant returned and paid him five dollars for writing up the contract. Nothing was said in his presence about a refund of the ten dollars in the event a loan was not procured.

Appellant testified that he was employed to procure the loan, executed the contract in evidence, but made no promise, whatever, to return the ten dollars, in the event he did not procure the loan; that he told the prosecuting witness that he would do his best to get the money in a reasonable time, but that he was unable to procure the loan because her property was covered by a debt; that he reported that fact to her.

One Baker testified that he was in appellant's office when the prosecuting witness was talking about getting the loan, and heard him tell her if he didn't procure the loan he would give her money back, but this was said before the contract was drawn up, and he didn't hear him say anything about it afterwards.

The court instructed the jury, refusing to give all the in-

structions requested by appellant, and they returned a verdict of guilty. From the judgment he appealed.

*C. T. Lindsey*, for appellant.

A written contract is itself the highest evidence of the agreement between the parties. 54 Ill. 349; 38 Conn. 15; 42 Wis. 36; 7 Gray, 217.

*Hal L. Norwood*, Attorney General, and *W. H. Rector*, Assistant, for appellee.

The evidence shows the appellant was guilty of embezzlement, and the case was submitted under proper instructions; let the verdict stand.

KIRBY, J., (after stating the facts). No exceptions having been saved to the instructions given by the court, they can not be reviewed here.

It is insisted that the verdict is not sustained by the evidence, and that it was contrary to law, and that the court erred in refusing to instruct a verdict for appellant, and we have concluded this contention is correct.

The contract of employment was written and executed by the parties and the money paid in accordance with its terms; and if appellant agreed to refund the money in case he failed to procure the loan, as the prosecuting witness states he did, but which fact he denies, it is singular that it was not so specified in the contract. It was a valid contract, made without fraud practiced by appellant, or any misunderstanding of its terms by the prosecuting witness; and if there was afterwards an agreement to return the ten dollars in case of not procuring the loan and a failure to do so, it was but a breach of such agreement, for which no criminal prosecution would lie.

In either event, if it had been so specified in the written contract, or if he afterwards agreed to return the money in case of failure to procure the loan, which he denies, he would not have been guilty of larceny or embezzlement in refusing to return it. It would have been but a breach of the terms of the contract, for which he could not be held criminally liable.

The evidence does not show that he agreed to return the money, and he denied, when called upon to do so, that he had made any such contract or agreement.

The evidence is not sufficient, in our opinion, to support

the verdict, and the judgment is reversed, and the case dismissed.